IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-1192 |
| EPIC SHEET METAL, INC., | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

THIS MATTER comes before the Court on Defendant Epic Sheet Metal, Inc.'s ("Epic") Motion to Dismiss or Transfer Venue.

Since at least 2019, Plaintiff ("the Fund") has sought to hold Epic liable as a successor or alter ego for the delinquent withdrawal liability payments allegedly owed by another entity, Titan Sheet Metal, Inc. ("Titan"), under ERISA, see 29 U.S.C. § 1381. Notably, the Fund is not the only party litigating Epic and Titan's relationship: since 2018, the U.S. District Court for the Central District of California has presided over a related suit between the local sheet workers' union and Epic and Titan. See Sheet Metal Workers Local Union 105 v. Titan Sheet Metal, Inc, et al., No. 5:18-cv-00754 (C.D. Cal. filed Apr. 9, 2018). The Fund, however, first sued in March 2019, pleading a similar cause of action against both Epic and Titan in this Court. See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Titan Sheet Metal, Inc., et al, No. 1:19-cv-00291 (E.D. Va. filed Mar. 13, 2019). That suit was short-lived. The Fund voluntarily

dismissed Epic in May 2019, leaving Titan as the sole defendant, and the following month, the Court transferred the case to the Central District of California. The Court recognized the feature of "nationwide service under [ERISA]," but found that "this is an unusual case" because there is "definitely related litigation that's been going on the Central District of California." Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Titan Sheet Metal, Inc., et al, No. 1:19-cv-00291, Transcript of Proceedings held on June 28, 2019, Dkt. 38 at 2 (E.D. Va. entered Nov. 6, 2023) ("Transcript of 2019 Proceedings"). Weighing transfer under 28 U.S.C. § 1404(a) and Trustees of the Plumbers and Pipefitters National Pension Fund v. Plumbing Services, Inc., 791 F.3d 436 (4th Cir. 2015), the Court held that Plaintiff's choice of venue did not tip the scales sufficiently and granted Titan's motion to transfer. Four years later, the Court again finds transfer appropriate.

The Court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Plumbing Servs., 791 F.3d at 444 (citations omitted). In ERISA cases, Congress intended "to give a 'plaintiff's choice of forum somewhat greater weight than would typically be the case,' as evidenced by ERISA's 'liberal venue provision.'" Id. (quoting Cross v. Fleet Reserve Ass'n Pension Plan, 383 F. Supp. 2d 852, 856–57 (D. Md. 2005)). However, ERISA does not render a plaintiff's choice of forum dispositive, and Epic may prevail on its motion with a "compelling showing on the

remaining factors." Id. Both parties acknowledge Epic's motion survives § 1404(a)'s threshold: this suit could have been brought in the Central District of California. Accordingly, the Court proceeds to weigh the four factors.

First, the Court assesses the weight afforded to Plaintiff's choice of forum. Generally, a plaintiff's choice of venue is due "substantial weight," and, as discussed above, ERISA further favors a plaintiff's selection. Bd. of Trs., Sheet Metal Workers' Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1988). However, "the plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action." Id. (collecting cases). Where the forum's only connection to the case "is that the Fund is administered [in the forum]," courts have declined to grant a plaintiff's selection substantial weight. Cent. States, Se. and Sw. Areas Pension Fund v. Brown, 587 F. Supp. 1067, 1070 (N.D. Ill. 1984). Rather, courts then may give a plaintiff's choice "equal consideration along with other factors which must be considered under § 1404." Id. (quoting Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982)). Here, nothing ties the Fund to this forum aside from their own administration. The Fund does not dispute that Epic is a California corporation, that Epic's operations are confined entirely to California, that the CBA was negotiated and signed in California, or that the alleged breach of the CBA occurred in California. See id. (considering the same facts before giving the plaintiff's choice of forum only "equal consideration"); accord Baylor Heating, 702 F. Supp. at 1257. As a result, despite the weight due under ERISA, the Court will give the Fund's choice of this forum only equal consideration among the other factors.

3

Second, the Court considers this forum's convenience for witnesses and access to evidence. Here, "the Court must consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues of the case." Brown, 587 F. Supp. at 1070. Witness convenience is often "a major factor in transferring a number of ERISA cases," Baylor Heating, 708 F. Supp. at 1258 n. 15, and favored transfer from this Court in 2019. Then, the Court held that this factor "tips slightly in favor of the defendant here because part of the issue in this case ultimately is going to be . . . the relationship between Titan Sheet Metal and [Epic]." Transcript of 2019 Proceedings at 3. That observation is no less true today. Tying Epic to Titan as a successor or alter ego will require "an in-depth factual examination of all the circumstances surrounding [the] business transfer." N.L.R.B. v. McAllister Bros., Inc., 819 F.2d 439, 444 (4th Cir. 1987). The Central District of California, as Epic sufficiently demonstrates, is best suited to undertake that examination: Epic identifies the California-based executives who will testify, specifies the subjects of their testimony, and explains the burdens imposed by requiring their appearances in Virginia. See Baylor Heating, 702 F. Supp. at 1258 (requiring the movant to provide "reliable information identifying the witnesses involved and specifically describing their testimony"). Epic's showing also implicates parties' access to evidence and the "availability of compulsory process." Brown, 587 F. Supp. at 1071. Should California-based witnesses refuse to appear voluntarily in Virginia, those persons would lie beyond this Court's subpoena powers. The Fund's defense that "a trial on these issues is unlikely" is unavailing. The second factor favors transfer.

4

Third, the Court considers the forum's convenience for the parties. Litigating in Virginia may inconvenience Epic, but transfer cannot "serve only to 'shift the balance of inconvenience' from defendant to plaintiff." Id.; accord Brown, 587 F. Supp. at 1070. Epic argues the balance here is unequal. According to Epic, maintaining the suit in Virginia would "severely disrupt Epic's operations" by removing several Epic executives from "active, immediate oversight of Epic" while those witnesses testify here at trial. By comparison, Epic alleges that "transfer to California will not inconvenience the Fund because its witnesses, evidence, and local union chapter are already situated in California . . . ." Despite the Fund's lack of substantive rebuttal, the Court presumes the Fund "filed suit in the forum most convenient for them." Baylor Heating, 702 F. Supp. at 1259. Epic's burdens are also not unique among ERISA defendants. ERISA plaintiffs often sue outside the district where the relevant acts took place, and yet, "convenience to parties rarely, if ever, operates to justify transfer." Bd. of Trs. v. Sullivant Ave. Props., LLC, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007). Though litigating in Virginia likely would inconvenience Epic disproportionately, see Transcript of 2019 Proceedings at 4 (finding similarly), "transfer of this case is not warranted solely for the convenience of the parties." Brown, 587 F. Supp. at 1070.

Lastly, the Court weighs the interests of justice. Most prominent among these interests "are judicial economy and the avoidance of inconsistent judgments." Byerson v. Equifax Info. Sys., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006). The Court's transfer order in 2019 relied primarily on these grounds. Then, the Court observed that, because the union's California chapter "is part of the pension fund group," the local chapter's suit in the Central District of California "would be related ultimately to

payments to the pension fund . . . ." Transcript of 2019 Proceedings at 4. That connection between the cases here and in California remains. As the Fund reports, the Central District of California litigation remains open "to address challenges related to an arbitrator's damages award against Titan or to affirm such damages award against Titan." The Fund's simultaneous insistence that "there is no active litigation in California against Epic" rings hollow when the Fund premises this suit on the notion that Titan and Epic are one and the same. If the two entities share liability, then a judgment by the Central District of California affirming damages in favor of the local union and against Titan will relate to damages owed to the Fund by Epic. Further, transferring this suit to the Central District of California supports the "interest in having local controversies decided at home . . . ." Byerson, 467 F. Supp. 2d at 635. Both this and the California litigation stem from the same business transfer between two California entities. Moving this suit permits the Central District of California to preside over both actions that arose from that local controversy. In sum, the interests of justice favor transfer.

  Considering the relevant factors, the Court concludes that Epic sustained its burden under § 1404(a) in showing that witness convenience and access and the interests of justice require transfer. Plaintiff's choice of forum and the convenience of the parties favor the Fund's opposition but do not outweigh Epic's showing. Accordingly, it is hereby

  ORDERED that Defendant's Motion to Transfer Venue is GRANTED; this action is TRANSFERRED to the U.S. District Court for the Central District of California.

Alexandria, Virginia
December _12_, 2023

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE